# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**Civil Action No.**  1:13-CV-01522

**MELVIN B. "MEL" BERNSTEIN AND MELANIE FLANELL-BERNSTEIN,**

   **Plaintiffs,**

**v.**

**DISCOVERY COMMUNICATIONS, INC., a Delaware Corporation; and ANTHROPIC PRODUCTIONS, CORP, a California Corporation,**

   **Defendants.**

---

## COMPLAINT AND JURY DEMAND

---

Plaintiffs, through counsel, submit the following Complaint and Jury Demand:

### JURISDICTION AND VENUE

1. Plaintiffs are, and at all material times were, residents of Colorado.

2. Defendant Discovery Communications, Inc. ("Discovery") is a Delaware corporation which maintains its principal offices in Maryland.

3. Defendant Anthropic Productions, Corp ("Anthropic") is a California corporation which maintains its principal offices in California.

4. This action is between citizens of different states, and the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest; therefore, this Court has jurisdiction pursuant to 28 U.S.C. §1332.

5. A substantial part of the events or omissions giving rise to this claim occurred in the District of Colorado; therefore, venue is proper under 28 U.S.C. § 1391(b)(2).

## GENERAL ALLEGATIONS

6. In June 2012, Discovery and Anthropic were producing the pilot for a reality television program then known as "Brothers in Arms," which was intended for initial exhibition on the Discovery Channel.

7. The subject of the "Brothers in Arms" pilot was the business operation known as "Dragon Man" located at 1250 Dragon Man Drive in Colorado Springs, Colorado, and the filming of the entire pilot took place at this location.

8. Plaintiff Mel Bernstein and his late spouse, Terry Flanell, were the owners and operators of the Dragon Man business in June 2012.

9. Plaintiff Melanie Flanell-Bernstein is the daughter of Plaintiff Mel Bernstein and the late Terry Flanell.

10. On or about June 14, 2012, Discovery and Anthropic were filming the opening sequence for the "Brothers in Arms" pilot.

11. For the opening sequence, Discovery and Anthropic planned to have five of the Dragon Man personnel, including both Plaintiffs, walk through a cloud of smoke carrying weapons.

12. To produce the smoke for the opening sequence, Discovery and Anthropic utilized two pyrotechnic devices that Discovery and Anthropic knew had not been manufactured by a licensed and experienced manufacturer of pyrotechnic devices.

13. Neither Discovery nor Anthropic had sought or obtained any permit from the proper governmental authority authorizing the use of pyrotechnic devices during the production of the "Brother in Arms" pilot.

14. Neither Discovery nor Anthropic had retained the services of a licensed pyrotechnics operator for the production of the "Brother in Arms" pilot, and no licensed pyrotechnics operator was on-scene for the filming of the opening sequence on June 14, 2012.

15. During the filming of the opening sequence on June 14, 2012, the pyrotechnic devices malfunctioned when the on-scene producer ignited them.

16. When the pyrotechnic devices malfunctioned, they shot like missiles toward the five Dragon Man personnel, and one of the devices struck Terry Flanell, killing her instantly.

17. Plaintiff Mel Bernstein was lawfully married to Terry Flanell at the time of her death on June 14, 2012.

<u>FIRST CLAIM FOR RELIEF</u>

(Plaintiff Mel Bernstein Against Discovery For Wrongful Death)

18. Plaintiffs incorporates by reference into this First Claim for Relief all prior allegations made in this Complaint.

19. Discovery owed a duty to Plaintiffs to use reasonable care in using, or authorizing the use of, pyrotechnic devices during the production of the "Brothers in Arms" pilot.

20. Discovery failed to use reasonable care in using, or authorizing the use of, pyrotechnic devices during the production of the "Brothers in Arms" pilot.

21. At the time Terry Flanell was killed, Discovery violated § 12-28-102(5), C.R.S (2012), which provides in pertinent part that it shall be unlawful for any person to possess or discharge any fireworks, except permissible fireworks, anywhere in the State of Colorado.

22. This statute was intended to protect against the type of injury Plaintiff suffered, and Plaintiff is a member of the group of persons the statute was intended to protect.

23. As a direct result of Discovery's negligence and negligence *per se* in using, or authorizing the use of, pyrotechnic devices during the production of the "Brothers in Arms" pilot, Terry Flannel was killed.

24. As a direct result of the untimely death of his late spouse, Plaintiff Mel Bernstein sustained the following damages in a sum to be determined by the jury: past and future grief, loss of companionship, impairment of the quality of life, inconvenience, pain and suffering, and emotional stress; and the net financial loss which he has had because of the untimely death of his late spouse.

WHEREFORE, Plaintiff Mel Bernstein requests entry of judgment against Discovery for actual damages in a sum to be determined by the jury, together with pre-judgment interest at the maximum rate allowed by Colorado law from and after June 14, 2012, and costs to the maximum extent allowed by law.

## SECOND CLAIM FOR RELIEF

(Plaintiff Mel Bernstein Against Anthropic For Wrongful Death)

25. Plaintiffs incorporate by reference into this Second Claim for Relief all prior allegations made in this Complaint.

26. Anthropic owed a duty to Plaintiffs to use reasonable care in using pyrotechnic devices during the production of the "Brothers in Arms" pilot.

27. Anthropic failed to use reasonable care in using pyrotechnic devices during the production of the "Brothers in Arms" pilot.

28. At the time Terry Flanell was killed, Anthropic violated § 12-28-102(5), C.R.S (2012), which provides in pertinent part that it shall be unlawful for any person to possess or discharge any fireworks, except permissible fireworks, anywhere in the State of Colorado.

29. This statute was intended to protect against the type of injury Plaintiff suffered, and Plaintiff is a member of the group of persons the statute was intended to protect.

30. As a direct result of Anthropic's negligence and negligence *per se* in using pyrotechnic devices during the production of the "Brothers in Arms" pilot, Terry Flannel was killed.

31. As a direct result of the untimely death of his late spouse, Plaintiff Mel Bernstein sustained the following damages in a sum to be determined by the jury: past and future grief, loss of companionship, impairment of the quality of life, inconvenience, pain and suffering, and emotional stress; and the net financial loss which he has had because of the untimely death of his late spouse.

WHEREFORE, Plaintiff Mel Bernstein requests entry of judgment against Anthropic for actual damages in a sum to be determined by the jury, together with pre-judgment interest at the maximum rate allowed by Colorado law from and after June 14, 2012, and costs to the maximum extent allowed by law.

### THIRD CLAIM FOR RELIEF

(Plaintiff Mel Bernstein Against Discovery For Negligent Infliction of Emotional Distress)

32. Plaintiffs incorporate by reference into this Third Claim for Relief all prior allegations made in this Complaint.

33. Discovery's negligence and negligence *per se* in using, or authorizing the use of, pyrotechnic devices during the production of the "Brothers in Arms" pilot created an unreasonable risk of physical harm to Plaintiff Mel Bernstein, who was directly in the line of fire of the airborne pyrotechnic devices.

34. Discovery's negligence and negligence *per se* caused Plaintiff Mel Bernstein to be put in fear for his own safety and the safety of his spouse and daughter, and such fear was shown by physical consequences or long continued emotional disturbance, rather than only momentary fright, shock, or other similar and immediate emotional distress.

35. Plaintiff Mel Bernstein's fear caused him to sustain damages in a sum to be determined by the jury.

WHEREFORE, Plaintiff Mel Bernstein requests entry of judgment against Discovery for actual damages in a sum to be determined by the jury, together with pre-judgment interest at the maximum rate allowed by Colorado law from and after June 14, 2012, and costs to the maximum extent allowed by law.

## FOURTH CLAIM FOR RELIEF

(Plaintiff Mel Bernstein Against Anthropic For Negligent Infliction of Emotional Distress)

36. Plaintiffs incorporate by reference into this Fourth Claim for Relief all prior allegations made in this Complaint.

37. Anthropic's negligence and negligence *per se* in using pyrotechnic devices during the production of the "Brothers in Arms" pilot created an unreasonable risk of physical harm to Plaintiff Mel Bernstein, who was directly in the line of fire of the airborne pyrotechnic devices.

38. Anthropic's negligence and negligence *per se* caused Plaintiff Mel Bernstein to be put in fear for his own safety and the safety of his spouse and daughter, and such fear was shown by physical consequences or long continued emotional disturbance, rather than only momentary fright, shock, or other similar and immediate emotional distress.

39. Plaintiff Mel Bernstein's fear caused him to sustain damages in a sum to be determined by the jury.

WHEREFORE, Plaintiff Mel Bernstein requests entry of judgment against Anthropic for actual damages in a sum to be determined by the jury, together with pre-judgment interest at the maximum rate allowed by Colorado law from and after June 14, 2012, and costs to the maximum extent allowed by law.

## FIFTH CLAIM FOR RELIEF

(Plaintiff Melanie Flanell-Bernstein Against Discovery

For Negligent Infliction of Emotional Distress)

40. Plaintiffs incorporate by reference into this Fifth Claim for Relief all prior allegations made in this Complaint.

41. Discovery's negligence and negligence *per se* in using, or authorizing the use of, pyrotechnic devices during the production of the "Brothers in Arms" pilot created an unreasonable risk of physical harm to Plaintiff Melanie Flanell-Bernstein, who was directly in the line of fire of the airborne pyrotechnic devices.

42. Discovery's negligence and negligence *per se* caused Plaintiff Melanie Flanell-Bernstein to be put in fear for her own safety and the safety of her father and mother, and such fear was shown by physical consequences or long continued emotional disturbance, rather than only momentary fright, shock, or other similar and immediate emotional distress.

43. Plaintiff Melanie Flanell-Bernstein's fear caused her to sustain damages in a sum to be determined by the jury.

WHEREFORE, Plaintiff Melanie Flanell-Bernstein requests entry of judgment against Discovery for actual damages in a sum to be determined by the jury, together with pre-judgment interest at the maximum rate allowed by Colorado law from and after June 14, 2012, and costs to the maximum extent allowed by law.

## SIXTH CLAIM FOR RELIEF

(Plaintiff Melanie Flanell-Bernstein Against Anthropic

For Negligent Infliction of Emotional Distress)

44. Plaintiffs incorporate by reference into this Sixth Claim for Relief all prior allegations made in this Complaint.

45. Anthropic's negligence and negligence *per se* in using pyrotechnic devices during the production of the "Brothers in Arms" pilot created an unreasonable risk of physical harm to Plaintiff Melanie Flanell-Bernstein, who was directly in the line of fire of the airborne pyrotechnic devices.

46. Anthropic's negligence and negligence *per se* caused Plaintiff Melanie Flanell-Bernstein to be put in fear for her own safety and the safety of her father and mother, and such

fear was shown by physical consequences or long continued emotional disturbance, rather than only momentary fright, shock, or other similar and immediate emotional distress.

47. Plaintiff Melanie Flanell-Bernstein's fear caused her to sustain damages in a sum to be determined by the jury.

WHEREFORE, Plaintiff Melanie Flanell-Bernstein requests entry of judgment against Anthropic for actual damages in a sum to be determined by the jury, together with pre-judgment interest at the maximum rate allowed by Colorado law from and after June 14, 2012, and costs to the maximum extent allowed by law.

**PLAINTIFFS DEMAND TRIAL BY A JURY OF SIX MEMBERS.**

*Respectfully submitted on June 13, 2013*

HILLYARD, WAHLBERG, KUDLA,
SLOANE & WOODRUFF, LLP

s/ Thomas G. Tasker_____
Thomas G. Tasker, #11556
4601 DTC Blvd, Suite 950
Denver, CO  80237
Telephone: (303) 571-5302
Facsimile: (303) 571-1806
tom@denvertriallawyers.com
Attorneys for the Plaintiffs

Plaintiffs' Address:
c/o Hillyard, Wahlberg, Kudla, Sloane
& Woodruff, LLP
4601 DTC Blvd, Suite 950
Denver, CO  80237