IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01522-WYD-BNB

MELVIN B. "MEL" BERNSTEIN; MELANIE FLANELL-BERNSTEIN; JAY BERNSTEIN; AND MIKE BERNSTEIN,

    Plaintiffs,

v.

DISCOVERY COMMUNICATIONS, LLC, a Delaware Corporation; and ANTHROPIC PRODUCTIONS, CORP, a California Corporation,

    Defendants.

_____

### SECOND AMENDED COMPLAINT
_____

    Plaintiffs, through counsel, submit the following Second Amended Complaint:

### JURISDICTION AND VENUE

1. Plaintiffs are, and at all material times were, residents of Colorado.

2. Defendant Discovery Communications, LLC ("Discovery") is a Delaware corporation which maintains its principal offices in Maryland.

3. Defendant Anthropic Productions, Corp ("Anthropic") is a California corporation which maintains its principal offices in California.

4. This action is between citizens of different states, and the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest; therefore, this Court has jurisdiction pursuant to 28 U.S.C. §1332.

5. A substantial part of the events or omissions giving rise to this claim occurred in the District of Colorado; therefore, venue is proper under 28 U.S.C. § 1391(b)(2).

## GENERAL ALLEGATIONS

6. In June 2012, Discovery and Anthropic were producing the pilot for a reality television program then known as "Brothers in Arms," which was intended for initial exhibition on the Discovery Channel.

7. The subject of the "Brothers in Arms" pilot was the business operation known as "Dragon Man" located at 1250 Dragon Man Drive in Colorado Springs, Colorado, and the filming of the entire pilot took place at this location.

8. Plaintiff Mel Bernstein and his late spouse, Terry Flanell, were the owners and operators of the Dragon Man business in June 2012.

9. Plaintiff Melanie Flanell-Bernstein is the daughter of Plaintiff Mel Bernstein and the late Terry Flanell.

10. On or about June 14, 2012, Discovery and Anthropic were filming the opening sequence for the "Brothers in Arms" pilot.

11. For the opening sequence, Discovery and Anthropic planned to have the late Terry Flanell-Bernstein and all four of the Plaintiffs walk together through a cloud of smoke carrying weapons.

12. To produce the smoke for the opening sequence, Discovery and Anthropic utilized two pyrotechnic devices that Discovery and Anthropic knew had not been manufactured by a licensed and experienced manufacturer of pyrotechnic devices.

13. Neither Discovery nor Anthropic had sought or obtained any permit from the proper governmental authority authorizing the use of pyrotechnic devices during the production of the "Brother in Arms" pilot.

14. Neither Discovery nor Anthropic had retained the services of a licensed pyrotechnics operator for the production of the "Brother in Arms" pilot, and no licensed pyrotechnics operator was on-scene for the filming of the opening sequence on June 14, 2012.

15. During the filming of the opening sequence on June 14, 2012, the pyrotechnic devices malfunctioned when the on-scene producer ignited them.

16. When the pyrotechnic devices malfunctioned, they shot like missiles toward the five Dragon Man personnel, and one of the devices struck Terry Flanell, killing her instantly.

17. Plaintiff Mel Bernstein was lawfully married to Terry Flanell at the time of her death on June 14, 2012.

## FIRST CLAIM FOR RELIEF

(Plaintiff Mel Bernstein Against Discovery For Wrongful Death)

18. Plaintiffs incorporate by reference into this First Claim for Relief all prior allegations made in this Complaint.

19. Discovery owed a duty to Plaintiffs to use reasonable care in using or authorizing the use of pyrotechnic devices during the production of the "Brothers in Arms" pilot.

20. Discovery failed to use reasonable care in using, or authorizing the use of, pyrotechnic devices during the production of the "Brothers in Arms" pilot.

21. As a direct result of Discovery's negligence in using, or authorizing the use of, pyrotechnic devices during the production of the "Brothers in Arms" pilot, Terry Flannel was killed.

22. As a direct result of the untimely death of his late spouse, Plaintiff Mel Bernstein sustained the following damages in a sum to be determined by the jury: past and future grief, loss of companionship, impairment of the quality of life, inconvenience, pain and suffering, and emotional stress; and the net financial loss which he has had because of the untimely death of his late spouse.

WHEREFORE, Plaintiff Mel Bernstein requests entry of judgment against Discovery for actual damages in a sum to be determined by the jury, together with pre-judgment interest at the maximum rate allowed by Colorado law from and after June 14, 2012, and costs to the maximum extent allowed by law.

## SECOND CLAIM FOR RELIEF

(Plaintiff Mel Bernstein Against Anthropic For Wrongful Death)

23. Plaintiffs incorporate by reference into this Second Claim for Relief all prior allegations made in this Complaint.

24. Anthropic owed a duty to Plaintiffs to use reasonable care in using pyrotechnic devices during the production of the "Brothers in Arms" pilot.

25. Anthropic failed to use reasonable care in using pyrotechnic devices during the production of the "Brothers in Arms" pilot.

26. As a direct result of Anthropic's negligence in using pyrotechnic devices during the production of the "Brothers in Arms" pilot, Terry Flannel was killed.

27. As a direct result of the untimely death of his late spouse, Plaintiff Mel Bernstein sustained the following damages in a sum to be determined by the jury: past and future grief, loss of companionship, impairment of the quality of life, inconvenience, pain and suffering, and emotional stress; and the net financial loss which he has had because of the untimely death of his late spouse.

WHEREFORE, Plaintiff Mel Bernstein requests entry of judgment against Anthropic for actual damages in a sum to be determined by the jury, together with pre-judgment interest at the maximum rate allowed by Colorado law from and after June 14, 2012, and costs to the maximum extent allowed by law.

## THIRD CLAIM FOR RELIEF

(Plaintiff Mel Bernstein Against Discovery For Negligent Infliction of Emotional Distress)

28. Plaintiffs incorporate by reference into this Third Claim for Relief all prior allegations made in this Complaint.

29. Discovery's negligence in using, or authorizing the use of, pyrotechnic devices during the production of the "Brothers in Arms" pilot created an unreasonable risk of physical harm to Plaintiff Mel Bernstein, who was directly in the line of fire of the airborne pyrotechnic devices.

30. Discovery's negligence caused Plaintiff Mel Bernstein to be put in fear for his own safety and the safety of his spouse and daughter, and such fear was shown by physical consequences or long continued emotional disturbance, rather than only momentary fright, shock, or other similar and immediate emotional distress.

31. Plaintiff Mel Bernstein's fear caused him to sustain damages in a sum to be determined by the jury.

WHEREFORE, Plaintiff Mel Bernstein requests entry of judgment against Discovery for actual damages in a sum to be determined by the jury, together with pre-judgment interest at the maximum rate allowed by Colorado law from and after June 14, 2012, and costs to the maximum extent allowed by law.

### FOURTH CLAIM FOR RELIEF

(Plaintiff Mel Bernstein Against Anthropic For Negligent Infliction of Emotional Distress)

32. Plaintiffs incorporate by reference into this Fourth Claim for Relief all prior allegations made in this Complaint.

33. Anthropic's negligence in using pyrotechnic devices during the production of the "Brothers in Arms" pilot created an unreasonable risk of physical harm to Plaintiff Mel Bernstein, who was directly in the line of fire of the airborne pyrotechnic devices.

34. Anthropic's negligence caused Plaintiff Mel Bernstein to be put in fear for his own safety and the safety of his spouse and daughter, and such fear was shown by physical consequences or long continued emotional disturbance, rather than only momentary fright, shock, or other similar and immediate emotional distress.

35. Plaintiff Mel Bernstein's fear caused him to sustain damages in a sum to be determined by the jury.

WHEREFORE, Plaintiff Mel Bernstein requests entry of judgment against Anthropic for actual damages in a sum to be determined by the jury, together with pre-judgment interest at the maximum rate allowed by Colorado law from and after June 14, 2012, and costs to the maximum extent allowed by law.

### FIFTH CLAIM FOR RELIEF

(Plaintiff Melanie Flanell-Bernstein Against Discovery

For Negligent Infliction of Emotional Distress)

36. Plaintiffs incorporate by reference into this Fifth Claim for Relief all prior allegations made in this Complaint.

37. Discovery's negligence in using, or authorizing the use of, pyrotechnic devices during the production of the "Brothers in Arms" pilot created an unreasonable risk of physical harm to Plaintiff Melanie Flanell-Bernstein, who was directly in the line of fire of the airborne pyrotechnic devices.

38. Discovery's negligence caused Plaintiff Melanie Flanell- Bernstein to be put in fear for her own safety and the safety of her father and mother, and such fear was shown by physical consequences or long continued emotional disturbance, rather than only momentary fright, shock, or other similar and immediate emotional distress.

39. Plaintiff Melanie Flanell-Bernstein's fear caused her to sustain damages in a sum to be determined by the jury.

WHEREFORE, Plaintiff Melanie Flanell-Bernstein requests entry of judgment against Discovery for actual damages in a sum to be determined by the jury, together with pre-judgment interest at the maximum rate allowed by Colorado law from and after June 14, 2012, and costs to the maximum extent allowed by law.

### SIXTH CLAIM FOR RELIEF

(Plaintiff Melanie Flanell-Bernstein Against Anthropic

For Negligent Infliction of Emotional Distress)

7

40. Plaintiffs incorporate by reference into this Sixth Claim for Relief all prior allegations made in this Complaint.

41. Anthropic's negligence in using pyrotechnic devices during the production of the "Brothers in Arms" pilot created an unreasonable risk of physical harm to Plaintiff Melanie Flanell-Bernstein, who was directly in the line of fire of the airborne pyrotechnic devices.

42. Anthropic's negligence caused Plaintiff Melanie Flanell- Bernstein to be put in fear for her own safety and the safety of her father and mother, and such fear was shown by physical consequences or long continued emotional disturbance, rather than only momentary fright, shock, or other similar and immediate emotional distress.

43. Plaintiff Melanie Flanell-Bernstein's fear caused her to sustain damages in a sum to be determined by the jury.

WHEREFORE, Plaintiff Melanie Flanell-Bernstein requests entry of judgment against Anthropic for actual damages in a sum to be determined by the jury, together with pre-judgment interest at the maximum rate allowed by Colorado law from and after June 14, 2012, and costs to the maximum extent allowed by law.

### SEVENTH CLAIM FOR RELIEF

(Plaintiff Jay Bernstein Against Discovery For Negligent Infliction of Emotional Distress)

44. Plaintiffs incorporate by reference into this Seventh Claim for Relief all prior allegations made in this Complaint.

45. Discovery's negligence in using, or authorizing the use of, pyrotechnic devices during the production of the "Brothers in Arms" pilot created an unreasonable risk of physical harm to Plaintiff Jay Bernstein, who was directly in the line of fire of the airborne pyrotechnic devices.

46. Discovery's negligence caused Plaintiff Jay Bernstein to be put in fear for his own safety, and such fear was shown by physical consequences or long continued emotional disturbance, rather than only momentary fright, shock, or other similar and immediate emotional distress.

47. Plaintiff Jay Bernstein's fear caused him to sustain damages in a sum to be determined by the jury.

WHEREFORE, Plaintiff Jay Bernstein requests entry of judgment against Discovery for actual damages in a sum to be determined by the jury, together with pre-judgment interest at the maximum rate allowed by Colorado law from and after June 14, 2012, and costs to the maximum extent allowed by law.

EIGHTH CLAIM FOR RELIEF

(Plaintiff Jay Bernstein Against Anthropic For Negligent Infliction of Emotional Distress)

48. Plaintiffs incorporate by reference into this Eighth Claim for Relief all prior allegations made in this Complaint.

49. Anthropic's negligence in using pyrotechnic devices during the production of the "Brothers in Arms" pilot created an unreasonable risk of physical harm to Plaintiff Jay Bernstein, who was directly in the line of fire of the airborne pyrotechnic devices.

50. Anthropic's negligence caused Plaintiff Jay Bernstein to be put in fear for his own safety, and such fear was shown by physical consequences or long continued emotional disturbance, rather than only momentary fright, shock, or other similar and immediate emotional distress.

51. Plaintiff Jay Bernstein's fear caused him to sustain damages in a sum to be determined by the jury.

WHEREFORE, Plaintiff Jay Bernstein requests entry of judgment against Anthropic for actual damages in a sum to be determined by the jury, together with pre-judgment interest at the maximum rate allowed by Colorado law from and after June 14, 2012, and costs to the maximum extent allowed by law.

### NINTH CLAIM FOR RELIEF

(Plaintiff Mike Bernstein Against Discovery For Negligent Infliction of Emotional Distress)

52. Plaintiffs incorporate by reference into this Ninth Claim for Relief all prior allegations made in this Complaint.

53. Discovery's negligence in using, or authorizing the use of, pyrotechnic devices during the production of the "Brothers in Arms" pilot created an unreasonable risk of physical harm to Plaintiff Mike Bernstein, who was directly in the line of fire of the airborne pyrotechnic devices.

54. Discovery's negligence caused Plaintiff Mike Bernstein to be put in fear for his own safety, and such fear was shown by physical consequences or long continued emotional disturbance, rather than only momentary fright, shock, or other similar and immediate emotional distress.

55. Plaintiff Mike Bernstein's fear caused him to sustain damages in a sum to be determined by the jury.

WHEREFORE, Plaintiff Mike Bernstein requests entry of judgment against Discovery for actual damages in a sum to be determined by the jury, together with pre-judgment interest at the maximum rate allowed by Colorado law from and after June 14, 2012, and costs to the maximum extent allowed by law.

## TENTH CLAIM FOR RELIEF

(Plaintiff Mike Bernstein Against Anthropic For Negligent Infliction of Emotional Distress)

56. Plaintiffs incorporate by reference into this Sixth Claim for Relief all prior allegations made in this Complaint.

57. Anthropic's negligence in using pyrotechnic devices during the production of the "Brothers in Arms" pilot created an unreasonable risk of physical harm to Plaintiff Mike Bernstein, who was directly in the line of fire of the airborne pyrotechnic devices.

58. Anthropic's negligence caused Plaintiff Mike Bernstein to be put in fear for his own safety, and such fear was shown by physical consequences or long continued emotional disturbance, rather than only momentary fright, shock, or other similar and immediate emotional distress.

59. Plaintiff Mike Bernstein's fear caused him to sustain damages in a sum to be determined by the jury.

WHEREFORE, Plaintiff Mike Bernstein requests entry of judgment against Anthropic for actual damages in a sum to be determined by the jury, together with pre-judgment interest at the maximum rate allowed by Colorado law from and after June 14, 2012, and costs to the maximum extent allowed by law.

HILLYARD, WAHLBERG, KUDLA,
SLOANE & WOODRUFF, LLP


*s/ Thomas G. Tasker*
Thomas G. Tasker, #11556
4601 DTC Blvd, Suite 950
Denver, CO 80237
Telephone: (303) 571-5302
Facsimile: (303) 571-1806

tom@denvertriallawyers.com
Attorneys for the Plaintiffs

Case 1:13-cv-01522-WYD-BNB   Document 28   Filed 09/12/13   USDC Colorado   Page 12 of 13

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 12, 2013, a true and correct copy of the foregoing SECOND AMENDED COMPLAINT to the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

**Margaret R. Pflueger**
Campbell Killin Brittan & Ray, LLC-St. Paul Street
270 Saint Paul Street, #200
Denver, CO 80206
Email: mpflueger@ckbrlaw.com

**William C. Brittan**
Campbell Killin Brittan & Ray, LLC-St. Paul Street
270 Saint Paul Street, #200
Denver, CO 80206
Email: bbrittan@ckbrlaw.com

**Christopher Daniel Bryan**
Hall & Evans, LLC-Denver
1125 17th Street, Suite 600
Denver, CO 80202-2052
Email: bryanc@hallevans.com

HILLYARD, WAHLBERG, KUDLA, SLOANE
& WOODRUFF, LLP

*In accordance with C.R.C.P. 121 ' 1-26(9) a printed copy of this document with signatures is being maintained by the filing party and will be made available for inspection by other parties or the Court upon request.*

By */s/ Marina Lovato*
Marina Lovato, Paralegal